AMERICAN CAR & FOUNDRY CO. v. SCHACHLEWICH.

(Circuit Court of Appeals, Eighth Circuit.   January 18, 1916.)

No. 4452.

MASTER AND SERVANT ⬚⇒278—ACTIONS FOR INJURIES—EVIDENCE—RES IPSA LOQUITUR.

> In an employé's action for injuries, the evidence showed that, while he was working under a car which was being repaired, a door in the floor of the car suddenly opened and fell upon him.  There was no evidence tending to show what caused the door to fall, or that the employer was negligent, except such as arose from the falling of the door without plaintiff's fault.  *Held*, that a verdict for defendant should have been directed, since in actions in the federal courts the maxim of "res ipsa loquitur" does not apply, where the relationship of master and servant exists, and to hold the master responsible for injuries the servant must show by substantive proof that the master was negligent in the manner alleged in the complaint, and that such negligence was the cause of the injury.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977;  Dec. Dig. ⬚⇒278.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Onuffrey Schachlewich against the American Car & Foundry Company.  Judgment for plaintiff, and defendant brings error.  Reversed, with directions.

William R. Gentry, of St. Louis, Mo. (M. F. Watts, Edwin W. Lee, and G. A. Orth, all of St. Louis, Mo., on the brief), for plaintiff in error.

Emerson E. Schnepp, of St. Louis, Mo. (Sigmund S'Renco, of St. Louis, Mo., on the brief), for defendant in error.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge.  The defendant in error brought this action against the plaintiff in error to recover damages for personal injuries sustained by him while in the employ of the plaintiff in error. He alleges in his petition that he was required by the defendant's foreman to work underneath a car which was being repaired, and that the car was so constructed that a door in the floor opened outward, and that whilst he was engaged in his work said door suddenly opened and fell upon his arm, inflicting injuries upon it.  It was further alleged that the door was usually held in place by a bar, but that the bar was not, on the occasion in question, adjusted so as to project over the edge of the door, but the door was held in place only by an accumulation of ice, which permitted the door to fall.  It was further alleged that the plaintiff was unfamiliar with the construction of said car and did not know of the condition of said door, but that defendant's foreman in charge of the work knew of it, or could have known of it by the exercise of ordinary care, and could have prevented the falling of the door and injuring of the plaintiff, but that he negligently

failed to put said door in a safe condition, failed to apprise plaintiff of the dangerous condition, and failed and neglected to provide a safe place for plaintiff to do the repair work on the said car, all of which acts of negligence directly caused plaintiff's injuries.

The answer was a general denial. The evidence introduced on the part of the plaintiff tended to show that he was in the employ of the defendant, and that while he was working under a car, as alleged in the petition, the door suddenly fell upon his arm, inflicting the injuries complained of. There was no evidence whatever tending to show what caused the door to fall, or that the defendant was guilty of any negligence, except such as arises from the fact that the door fell without any fault of the plaintiff. The defendant requested a peremptory instruction in its favor, which the court refused. The defendant introduced no evidence. The jury returned a verdict in favor of the plaintiff.

The only question involved is whether the court erred in refusing a directed verdict in favor of the defendant, as requested. It is the established law of the courts of the United States that, to hold a master responsible for injuries to a servant, the servant must show by substantive proof that the master was negligent in the manner alleged in the complaint, and that such negligence was the cause of the injury. The maxim of "res ipsa loquitur" does not apply where the relationship of master and servant exists. Patton v. Texas & Pacific Railroad. Company, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Looney v. Metropolitan Railroad, 200 U. S. 480, 26 Sup. Ct. 303, 50 L. Ed. 564.; American Car & Foundry Company v. Dietz, 121 C. C. A. 593, 203 Fed. 469. In the opinion of the writer of this opinion, all that can be said in favor of this rule is that it has the sanction of age, and the rule of stare decisis does not permit the courts to disregard it. The law-making department of the government alone can change the rule.

The court erred in refusing to direct a verdict as requested by the plaintiff in error, and the cause is reversed, with directions to grant a new trial.